# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE MEMORY SOLUTIONS, INC., | C.A. No. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| MICRON TECHNOLOGY, INC., | |
| Defendant. | |

## COMPLAINT

Innovative Memory Solutions, Inc. ("IMS" or "Plaintiff") hereby alleges for its Complaint against Defendant Micron Technology, Inc. ("Micron" or "Defendant") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action by Innovative Memory Solutions, Inc. ("IMS") to end Micron Technology Inc.'s ("Micron," or "Defendant") unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of products and methods incorporating IMS's patented inventions.

2.     IMS holds all substantial rights and interest in the Patents-in-Suit described below, including the exclusive right to sue Defendant for infringement and recover damages.

3.     Micron makes, uses, sells, offers for sale, and imports infringing products in violation of the Patents-in-Suit.  Plaintiff IMS seeks monetary damages and prejudgment interest for Micron's past and on-going infringement of the Patents-in-Suit.

**THE PARTIES**

4.     Innovative Memory Solutions, Inc. ("IMS") is a corporation organized and existing under the laws of Delaware with its principal place of business at 600 Anton Boulevard, Suite 1350 Costa Mesa, California 92626.

5.     On information and belief, defendant Micron Technology, Inc. ("Micron," or "Defendant") is a corporation existing and organized under the laws of Delaware and has its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

**JURISDICTION AND VENUE**

6.     This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has general and specific personal jurisdiction over defendant Micron. Micron has substantial contacts with the forum as a consequence of conducting substantial business in Delaware, and has purposefully availed itself of the benefits and protections of Delaware state law by incorporating under Delaware law.  Micron sells and offers for sale its products, including products that infringe Plaintiff's patents, within the state of Delaware, including to customers in Delaware.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Micron is a Delaware corporation, and because Micron has regular and established practice of business in this District and has committed acts of infringement in this District.

**THE ASSERTED PATENTS**

10.     On January 2, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,169,503 B1 ("the '503 Patent"), entitled "Programmable Arrays

for Data Conversions Between Analog and Digital."  A copy of the '503 Patent is attached to the Complaint as Exhibit A.

11.     IMS owns all substantial right, title, and interest in the '503 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

12.     On November 27, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,324,537 B1 ("the '537 Patent"), entitled "Device, System and Method For Data Access Control."  A copy of the '537 Patent is attached to the Complaint as Exhibit B.

13.     IMS owns all substantial right, title, and interest in the '537 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

14.     On May 31, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,901,498 B2 ("the '498 Patent"), entitled "Zone Boundary Adjustment for Defects in Non-Volatile Memories."  A copy of the '498 Patent is attached to the Complaint as Exhibit C.

15.     IMS owns all substantial right, title, and interest in the '498 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

16.     On February 14, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,000,063 B2 ("the '063 Patent"), entitled "Write-Many Memory Device and Method for Limiting a Number of Writes to the Write-Many Memory Device."  A copy of the '063 Patent is attached to the Complaint as Exhibit D.

17.     IMS owns all substantial right, title, and interest in the '063 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

18.     On May 16, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,045,849 B2 ("the '849 Patent"), entitled "Use of Voids Between Elements in Semiconductor Structures for Isolation."  A copy of the '849 Patent is attached to the Complaint as Exhibit E.

19.     IMS owns all substantial right, title, and interest in the '849 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     On August 1, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,085,159 B2 ("the '159 Patent"), entitled "Highly Compact Non-Volatile Memory and Method Therefor with Internal Serial Buses."  A copy of the '159 Patent is attached to the complaint as Exhibit F.

21.     IMS owns all substantial right, title, and interest in the '159 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

22.     On February 24, 2009, the United States Patent and Trademark office duly and legally issued U.S. Patent No. 7,495,953 B2 ("the '953 Patent"), entitled "System for Configuring Compensation."  A copy of the '953 Patent is attached to the complaint as Exhibit G.

23.     IMS owns all substantial right, title, and interest in the '953 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

24.     On February 8, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,886,212 B2 ("the '212 Patent"), entitled "NAND Flash Memory Controller Exporting a NAND Interface."  A copy of the '212 Patent is attached to the Complaint as Exhibit H.

25.     IMS owns all substantial right, title, and interest in the '212 Patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

26.     Defendant provides to its customers, including customers in this district, non-volatile flash memory products.

## COUNT I AGAINST MICRON:

## INFRINGEMENT OF U.S. PATENT NO. 6,169,503

27.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

28.     On information and belief, Micron has and continues to infringe one or more claims of the `503 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that include the claimed apparatus for data conversion between analog and digital, including, but not limited to, Micron's 64 Gb and 128 Gb TLC NAND Flash Memory Products and hardware and software and other infrastructure that enable and/or make use of these products.

29.     IMS has suffered damages as a result of Micron's infringement of the '503 Patent.

## COUNT II AGAINST MICRON:

## INFRINGEMENT OF U.S. PATENT NO. 6,324,537

30.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

31.     On information and belief, Micron has and continues to infringe one or more claims of the '537 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that control access to stored data, including but not limited to products that include One-Time Programming capability such as Micron's 64Gb,

128Gb, and 512Gb Asynchronous/Synchronous NAND Flash Memory Products and hardware and software and other infrastructure that enable and/or make use of these products.

32.    IMS has suffered damages as a result of Micron's infringement of the `537 Patent.

## COUNT III AGAINST MICRON:

## INFRINGEMENT OF U.S. PATENT NO. 6,901,498

33.    IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

34.    On information and belief, Micron has and continues to infringe one or more claims of the `498 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that include the claimed non-volatile memory systems organized into logical zones, and/or performing the claimed methods in connection with such products including, but not limited to, Micron's Solid State Drives ("SSDs") with Redundant Array of Independent NAND ("R.A.I.N.") Products (including the Micron P420m SSD) and hardware and software and other infrastructure that enable and/or make use of these products.

35.    IMS has suffered damages as a result of Micron's infringement of the `498 Patent.

## COUNT IV AGAINST MICRON:

## INFRINGEMENT OF U.S. PATENT NO. 7,000,063

36.    IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

37.    On information and belief, Micron has and continues to infringe one or more claims of the `063 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products,

devices, systems, and/or components of systems and methods that limit the number of writes to a region of a write-many device, including but not limited to products that include One-Time Programming capability such as Micron's 64Gb, 128Gb, 256Gb, and 512Gb Asynchronous/Synchronous NAND Flash Memory Products and hardware and software and other infrastructure that enable and/or make use of these products.

38.     IMS has suffered damages as a result of Micron's infringement of the `063 Patent.

**COUNT V AGAINST MICRON:**

**INFRINGEMENT OF U.S. PATENT NO. 7,045,849**

39.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

40.     On information and belief, Micron has and continues to infringe one or more claims of the `849 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that include memory cell arrays with gas-filled voids between adjacent charge storage elements, including, but not limited to, Micron's 16nm, 20nm, 25nm, and 34nm NAND Flash Memory Products and hardware components and other infrastructure that enable and/or make use of these products.

41.     IMS has suffered damages as a result of Micron's infringement of the `849 Patent.

**COUNT VI AGAINST MICRON:**
**INFRINGEMENT OF U.S. PATENT NO. 7,085,159**

42.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

43.     On information and belief, Micron has and continues to infringe one of more claims of the `159 Patent pursuant to 35. U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without

authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that include the claimed memory device, including, but not limited to, Micron's 64Gb ClearNAND Flash Memory Products and hardware and software components and other infrastructure that enable and/or make use of these products.

44.     IMS has suffered damages as a result of Micron's infringement of the `159 Patent.

## COUNT VII AGAINST MICRON: INFRINGEMENT OF U.S. PATENT NO. 7,495,953

45.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

46.     On information and belief, Micron has and continues to infringe one or more claims of the `953 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority, flash memory products, devices, systems, and/or components of systems that include the claimed non-volatile storage systems with compensation for floating gate coupling, including, but not limited to, Micron's 64Gb and 128Gb TLC NAND Flash Memory Products and hardware and software and other infrastructure that enable and/or make use of these products.

47.     IMS has suffered damages as a result of Micron's infringement of the `953 Patent.

## COUNT VIII AGAINST MICRON: INFRINGEMENT OF U.S. PATENT NO. 7,886,212

48.     IMS incorporates and realleges paragraphs 1-26 above as if fully set forth herein.

49.     On information and belief, Micron has and continues to infringe one or more claims of the `212 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States without authority and/or importing into the United States without authority flash memory products,

devices, systems, and/or components of systems that include the claimed controller for interfacing between a host device and a flash memory device, including, but not limited to, Micron's 64Gb ClearNAND Flash Memory Products and hardware and software components and other infrastructure that enable and/or make use of these products.

50.     IMS has suffered damages as a result of Micron's infringement of the `212 Patent.

## PRAYER FOR RELIEF

51.     IMS respectfully prays for relief as follows:

a)  A judgment that Micron has infringed and continues to infringe one or more claims of the Asserted Patents;

b)  A judgment awarding IMS all damages adequate to compensate for Micron's infringement, and in no event less than a reasonable royalty for Micron's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law; and

c)  A judgment awarding IMS such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff IMS demands a trial by jury in this action.

Date: December 15, 2014

Respectfully submitted,

FARNAN LLP

Of Counsel:

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

Matthew D. Powers
Steven S. Cherensky
William P. Nelson
Sam Y. Kim
Natasha M. Saputo
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 360
Redwood Shores, CA 94065
Telephone:    (650) 802-6000
Facsimile:    (650) 802-6001
matthew.powers@tensegritylawgroup.com
steven.cherensky@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
sam.kim@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com

Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Innovative Memory Solutions, Inc.*