**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INNOVATIVE MEMORY SYSTEMS, INC.,   )<br>                                                            )<br>                    Plaintiff,              )<br>                                                            )<br>      v.                                                )<br>                                                            )<br>MICRON TECHNOLOGY, INC.,          )<br>                                                            )<br>                    Defendant.          ) | Civil Action No. 14-cv-1480-RGA<br><br>**JURY TRIAL DEMANDED** |

**REVISED SCHEDULING ORDER**

This \_16\_ day of **July, 2020,** the Court having entered its Stipulated Order to Stay Pending *Inter Partes* Review (D.I. 93), requiring the parties to propose a new schedule upon this case resuming, and this Court having subsequently lifted the stay in this case (D.I. 110);

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and Initial Discovery in Patent Litigation.</u>  Prior to the time this case was stayed, the parties had already made all Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and all initial disclosures for the originally-accused products as required by Paragraph 4 of the Default Standard in accordance with the original Scheduling Order dated March 12, 2015 (D.I. 20).

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  The original Scheduling Order set this deadline at September 4, 2015, which was prior to the time this case was stayed.  Any further amendment of pleadings shall be with leave of court.

3. <u>Discovery</u>.

    a. <u>Initial Discovery in Patent Litigation.</u> The parties agree to follow the below schedule for supplementing disclosures previously made under Paragraph 4 of the Default Standard. As these disclosures are "initial," each party shall be permitted to supplement.

        i. <u>Identification of Asserted Patents and Accused Products.</u>

        On **August 1, 2020**, the Plaintiff shall specifically identify any newly accused products and the asserted patent(s) they allegedly infringe.

        ii. <u>Production of Core Technical Documents.</u>

        On **September 1, 2020**, Defendant shall produce to the Plaintiff the core technical documents related to any newly accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

        iii. <u>Initial Infringement Contentions.</u>

        On **October 2, 2020**, Plaintiff shall produce to Defendant claim charts relating each newly accused product to the asserted claims each product allegedly infringes.

        iv. <u>Initial Invalidity Contentions.</u>

        On **November 2, 2020**, Defendant shall produce to Plaintiff an amendment, if any, of its initial invalidity contentions for each asserted claim, as well as the related allegedly invalidating references (e.g., publications, manuals, and patents).

    b. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **March 2, 2021**.

    c. <u>Document Production.</u> Document production shall be substantially complete by **December 2, 2020**.

      d.  <u>Requests for Admission.</u>  A maximum of **50** requests for admission are permitted for each side.

      e.  <u>Interrogatories.</u> A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

      f.  <u>Depositions.</u>

          i.  <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of **80** hours of taking testimony by deposition upon oral examination.  Each party may take up to **35 hours (of the total 80 hours)** of depositions pursuant to Rule 30(b)(6).  The Defendant may take up to **10 hours (of its 80 total hours)** of deposition of each named inventor on the asserted patents.

          ii.  <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      g.  <u>Discovery Matters and Disputes Relating to Protective Orders.</u>  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the

conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

h. Miscellaneous Discovery Matters.

i. The parties have agreed to the timetable set forth in paragraph 3 above, for supplementing disclosures previously made under Paragraph 4 of the Default Standard.

ii. All *Inter Partes* Review ("IPR") and Federal Circuit Appeal proceedings regarding the asserted patents have been completed. The parties summarized the procedural history of the *Inter Partes* Review ("IPR") and Federal Circuit appeal proceedings in their Joint Status Report and Stipulation to Lift Stay (D.I. 109). In addition, this Court has granted the parties' Stipulation of Partial Dismissal regarding U.S. Patent Nos. 7,886,212 ("the '212 patent") (D.I. 117). The asserted patents still at issue in this litigation are U.S. Patent Nos. 7,000,063 ("the '063 patent"); and 6,901,498 ("the '498 patent").

iii. If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than 90 days from the date of this Order, or 2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders within 45 days of the date of this Order.   Plaintiff is complying with this requirement.

4. <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for an amended protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6.  A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.

7. <u>Claim Construction Issue Identification.</u>  On or before **July 27, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) identified above that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **August 10, 2020**. The Joint Claim ConstructionChart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

       8.      <u>Claim Construction Briefing</u>[1]

Defendant shall serve, but not file, its opening brief related to the claim terms that it asserts need to be construed, not to exceed 4,000 words, on **August 21, 2020**. Plaintiff shall serve, but not file, its answering brief, not to exceed 5,500 words, on **September 21**, **2020**.  Defendant shall serve, but not file its reply brief, not to exceed 1,500 words, on **September 28**, **2020**.  No later than **October 5, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

A.     [TERM 1][2]
1.    Defendant's Opening Position
2.    Plaintiff's Answer Position
3.    Defendant's Reply Position

B.     [TERM 2]
    1.    Defendant's Opening Position
    2.    Plaintiff's Answering Position

---

[1] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

9.      Defendant's Reply Position Etc.  The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10.      Hearing on Claim Construction.  Beginning at **9:00 a.m.** on **November 3, 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of ~~three~~ 1 1/2 hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument. *[RGA]*

11.      Disclosure of Expert Testimony.

    a.      Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 5, 2021.**  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 10, 2021.**  Reply expert reports from the party with the initial burden of proof are due on or before **June 4, 2021.**  No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot

reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 2, 2021.**

        b.    <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

12.    <u>Case Dispositive Motions.</u>  All case dispositive motions shall be served and filed on or before **August 4, 2021.**  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.  Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

13.    <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.    <u>Pretrial Conference.</u>  on **December 3, 2021**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at beginning at **9:00 a.m.**  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise

ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. Motions *in Limine.* Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. Trial. This matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on **December 13, 2021,** with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial

will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

       18.    <u>ADR Process.</u>  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

      /s/ Richard G. Andrews
      The Honorable Richard G. Andrews