IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INNOVATIVE MEMORY                    :
SOLUTIONS INC.,                      :
                                     :
                Plaintiff,           :
                                     :
        v.                           :        Civil Action No. 14-1480-RGA
                                     :
MICRON TECHNOLOGY INC.,              :
                                     :
                Defendant.           :

## ORDER

Defendant filed a motion to dismiss indirect infringement and willfulness claims.  (D.I. 32).  It has been fully briefed.  (D.I. 33, 52, 59).  The case was thereafter stayed and administratively closed at the end of 2015, and the stay was lifted and the case re-opened in the second half of 2020.  The parties submitted supplemental briefing on the motion.  (D.I. 130, 131).

Plaintiff's infringement allegations are in a first amended complaint, filed March 2, 2015. (D.I. 11).  The first amended complaint was filed less than three months after the original complaint was filed.  The original complaint alleged direct infringement, but not indirect infringement and willfulness.  (D.I. 1).  The amended complaint's basis for adding indirect infringement and willfulness is simply the passage of time since the original complaint was filed. (D.I. 11, ¶¶ 27-28).

Both complaints have allegations of infringement of eight patents, but only two (the '498 and '063 patents) remain.  (D.I. 109 at 2; D.I. 117; D.I. 118 at 4).  The amended complaint asserts direct, induced, contributory, and willful infringement of both.  (D.I. 11 at ¶¶ 41-56).

The allegations could charitably be described as bare-bones.  There is nothing to suggest any pre-suit knowledge of the two asserted patents.  Thus, Plaintiff's position is that failure of the Defendant to concede after a suit is filed automatically converts a non-willfulness case into a willfulness case.  I disagree.  Thus, I will grant the motion as to willfulness.  As to indirect infringement, I think the allegations make out a case for post-December 2014 indirect infringement.  (I do not think Plaintiff is arguing that there was any pre-December 2014 indirect infringement, and, in any event, there are no allegations that would provide any basis for such a theory.).   I do not think the requirements in regard to state of mind for indirect infringement are as great as they are for willfulness.  Thus, I will deny the motion as to indirect infringement.

Plaintiff asks for leave to amend.  (D.I. 130 at 5).  I permit Plaintiff to file a motion for leave to amend.

Defendant's motion (D.I. 32) is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED this 4th day of December 2020.

/s/ Richard G. Andrews
United States District Judge